MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------X
MADAME LUX ALVARADO, *individually and on behalf of others similarly situated,*

      *Plaintiff,*

  -against-

ZYARA RESTAURANT CORP. (D/B/A ZYARA RESTAURANT) and FERAS ALZUGHIER

      *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Madame Lux Alvarado ("Plaintiff Lux Alvarado" or "Ms. Lux Alvarado"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Zyara Restaurant Corp. (d/b/a Zyara restaurant), ("Defendant Corporation") and Feras Alzughier ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

  1. Plaintiff Lux Alvarado is a former employee of Defendants Zyara Restaurant Corp. (d/b/a Zyara restaurant) and Feras Alzughier.

  2. Defendants own, operate, or control a Middle Eastern restaurant, located at 25-53 Steinway Street, Astoria, New York 11103 under the name "Zyara restaurant".

3. Upon information and belief, Individual Defendant Feras Alzughier serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Lux Alvarado was an employee of Defendants.

5. Plaintiff Lux Alvarado was employed as a dishwasher at the restaurant located at 25-53 Steinway Street, Astoria, New York 11103.

6. At all times relevant to this Complaint, Plaintiff Lux Alvarado worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lux Alvarado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Lux Alvarado the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9. Furthermore, Defendants repeatedly failed to pay Plaintiff Lux Alvarado wages on a timely basis.

10. Defendants' conduct extended beyond Plaintiff Lux Alvarado to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lux Alvarado and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiff Lux Alvarado now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiff Lux Alvarado seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lux Alvarado's state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Middle Eastern restaurant located in this district. Further, Plaintiff Lux Alvarado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16. Plaintiff Madame Lux Alvarado ("Plaintiff Lux Alvarado" or "Ms. Lux Alvarado") is an adult individual residing in Queens County, New York.

17. Plaintiff Lux Alvarado was employed by Defendants at Zyara restaurant from approximately April 2019 until on or about November 2019 and from approximately February 2020 until on or about November 7, 2020.

18. Plaintiff Lux Alvarado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants owned, operated, or controlled a Middle Eastern restaurant, located at 25-53 Steinway Street, Astoria, New York 11103 under the name "Zyara restaurant".

20. Upon information and belief, Zyara Restaurant Corp. (d/b/a Zyara restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 25-53 Steinway Street, Astoria, New York 11103.

21. Defendant Feras Alzughier is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Feras Alzughier is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Feras Alzughier possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lux Alvarado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22. Defendants operate a Middle Eastern restaurant located in the Astoria section of Queens in New York City.

23. Individual Defendant, Feras Alzughier possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Lux Alvarado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lux Alvarado, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Lux Alvarado (and all similarly situated employees) and are Plaintiff Lux Alvarado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Lux Alvarado and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Feras Alzughier operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Lux Alvarado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Lux Alvarado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lux Alvarado's services.

30. In each year from 2019 until 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Lux Alvarado is a former employee of Defendants who was employed as a dishwasher.

33. Plaintiff Lux Alvarado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Madame Lux Alvarado*

34. Plaintiff Lux Alvarado was employed by Defendants from approximately April 2019 until on or about November 2019 and from approximately February 2020 until on or about November 7, 2020.

35. Defendants employed Plaintiff Lux Alvarado as a dishwasher.

36. Plaintiff Lux Alvarado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Lux Alvarado's work duties required neither discretion nor independent judgment.

38. Throughout her employment with Defendants, Plaintiff Lux Alvarado regularly worked in excess of 40 hours per week.

39. From approximately April 2019 until on or about August 2019, Plaintiff Lux Alvarado worked from approximately 8:00 a.m. until on or about 6:00 p.m., seven days a week (typically 70 hours per week).

40. From approximately August 2019 until on or about November 2019 and from approximately February 2020 until on or about November 2020, Plaintiff Lux Alvarado worked from approximately 10:00 a.m. until on or about 6:00 p.m., six or seven days a week (typically 48 to 56 hours per week).

41. From approximately April 2019 until on or about July 2020, Defendants paid Plaintiff Lux Alvarado her wages in cash.

42. From approximately August 2020 until on or about November 2020, Defendants paid Plaintiff Lux Alvarado her wages by check.

43. From approximately April 2019 until on or about June 2019, Defendants paid Plaintiff Lux Alvarado a fixed salary of $300 per week.

44. From approximately July 2019 until on or about July 2020, Defendants paid Plaintiff Lux Alvarado a fixed salary of $500 per week.

45. From approximately August 2020 until on or about November 7, 2020, Defendants paid Plaintiff Lux Alvarado $15.00 per hour for some of the hours she worked.

46. Plaintiff Lux Alvarado's pay did not vary even when she was required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Lux Alvarado to work an additional one hour and 20 minutes past her scheduled departure time each day, and did not pay her for the additional time she worked.

48. Defendants never granted Plaintiff Lux Alvarado any breaks or meal periods of any kind.

49. Although Defendants utilized a time tracking device to keep control of Plaintiff Lux Alvarado's hours, the system did not accurately reflect her actual hours worked because Plaintiff Lux Alvarado was only required to punch-in but not to punch out when she left every day.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lux Alvarado regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Lux Alvarado an accurate statement of wages, as required by NYLL 195(3).

52. In fact, from approximately August 2020 until on or about November 2020, Defendants provided Plaintiff Lux Alvarado with pay stubs that falsely stated she had only worked 36 to 40 hours each week, when she had actually worked 48 to 56 hours each week.

53. Defendants did not give any notice to Plaintiff Lux Alvarado, in English and in Spanish (Plaintiff Lux Alvarado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lux Alvarado (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

55. Plaintiff Lux Alvarado was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages she was owed for the hours she worked.

56. Defendants' pay practices resulted in Plaintiff Lux Alvarado not receiving payment for all her hours worked, and resulting in Plaintiff Lux Alvarado's effective rate of pay falling below the required minimum wage rate.

57. Defendants habitually required Plaintiff Lux Alvarado to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants' time keeping system did not reflect the actual hours that Plaintiff Lux Alvarado worked.

60. From approximately April 2019 until on or about July 2020, Plaintiff Lux Alvarado was paid her wages in cash.

61. From approximately August 2020 until on or about November 2020, Plaintiff Lux Alvarado's pay stubs falsely stated she was only working 36 to 40 hours per week

62. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lux Alvarado (and similarly situated individuals) worked, and to avoid paying Plaintiff Lux Alvarado properly for her full hours worked.

64. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lux Alvarado and other similarly situated former workers.

66. Defendants failed to provide Plaintiff Escalante and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67. Defendants failed to provide Plaintiff Lux Alvarado and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68. Plaintiff Lux Alvarado brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69. At all relevant times, Plaintiff Lux Alvarado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime

pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

70. The claims of Plaintiff Lux Alvarado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Lux Alvarado's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lux Alvarado (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants failed to pay Plaintiff Lux Alvarado (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76. Defendants' failure to pay Plaintiff Lux Alvarado (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Lux Alvarado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lux Alvarado (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80. Defendants' failure to pay Plaintiff Lux Alvarado (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Lux Alvarado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiff Lux Alvarado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Lux Alvarado, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

84. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lux Alvarado less than the minimum wage.

85. Defendants' failure to pay Plaintiff Lux Alvarado the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Lux Alvarado was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

87. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lux Alvarado overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89. Defendants' failure to pay Plaintiff Lux Alvarado overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Lux Alvarado was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

91. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiff Lux Alvarado one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lux Alvarado's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

93. Defendants' failure to pay Plaintiff Lux Alvarado an additional hour's pay for each day Plaintiff Lux Alvarado's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

94. Plaintiff Lux Alvarado was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

95. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiff Lux Alvarado with a written notice, in English and in Spanish (Plaintiff Lux Alvarado's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97. Defendants are liable to Plaintiff Lux Alvarado in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

98. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

99. With each payment of wages, Defendants failed to provide Plaintiff Lux Alvarado with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100. Defendants are liable to Plaintiff Lux Alvarado in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101. Plaintiff Lux Alvarado repeats and realleges all paragraphs above as though set forth fully herein.

102. Defendants did not pay Plaintiff Lux Alvarado on a regular weekly basis, in violation of NYLL §191.

103. Defendants are liable to Plaintiff Lux Alvarado in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lux Alvarado respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lux Alvarado and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lux Alvarado and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lux Alvarado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lux Alvarado and the FLSA Class members;

(f) Awarding Plaintiff Lux Alvarado and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Lux Alvarado and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lux Alvarado;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lux Alvarado;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Lux Alvarado;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lux Alvarado's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Lux Alvarado;

(m)     Awarding Plaintiff Lux Alvarado damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Lux Alvarado damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Lux Alvarado liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Lux Alvarado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Lux Alvarado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lux Alvarado demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
June 17, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 2, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Madame Lux Alvarado  
Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                   *Madame Lux Alvarado*

Date / Fecha:                        2 de junio 2021

*Certified as a minority-owned business in the State of New York*